IN THE UNITED STATES COURT OF APPEALS

_____

No. 95-10395
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOE EARL STRONG,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CV-186-A
- - - - - - - - - -
August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Additionally, a movant cannot raise an issue for the first time in a § 2255 motion unless he shows cause for his default and prejudice resulting from the asserted error. *United States v.*

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

*Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).

Strong could have raised his non-constitutional contention regarding FED. R. CRIM P. 11 on direct appeal but did not.  His contention is not cognizable in § 2255 proceedings.  *Vaughn*, 955 F.2d at 368.  Strong has shown no cause for failing to raise his due process contention on direct appeal.  Strong is procedurally barred from raising that contention.

The district court may dispose of a § 2255 motion without a hearing if "`the motion and the files and records of the case <u>conclusively show</u> that the prisoner is entitled to no relief.'" *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990)(citation omitted).  The record in Strong's case conclusively shows that he is not entitled to relief.  The district court need not have held an evidentiary hearing on Strong's motion.

APPEAL DISMISSED.